UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SINTRIELE LAWRENCE, )<br>)<br>Defendant. ) | Case No. 4:04CR00333 RWS (AGF) |

## **ORDER REVOKING PRETRIAL RELEASE**

This matter is before the Court on the motion of the government and the petition of the Pretrial Services Office for revocation of Defendant's bond. Defendant, Sintriele Lawrence, was charged by indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and punishable by a maximum term of imprisonment of not more than 10 years, and a fine of not more than $250,000. Defendant made his initial appearance before the undersigned on June 30, 2004, and a secured bond was set. On July 6, 2004, Defendant was released on a $25,000 bond, secured by $1,200 in cash. In addition to the standard conditions of release, Defendant was released to the custody of his mother, Loretta Givans, who agreed to serve as third-party custodian, and was ordered to participate in a program of home confinement with electronic monitoring.

At the time of his release, on July 6, 2004, the undersigned reviewed with the defendant each of the conditions of release, including the condition that Defendant adhere to the home confinement program. Defendant acknowledged that he understood each of

the conditions of release and agreed, both orally and in writing, to abide by the conditions of release.

On August 5, 2004, a Petition for Action on Conditions of Pretrial Release was filed by Tiffany A. Corley, Pretrial Services Officer. In the petition, Ms. Corley alleged that on August 4, 2004, Defendant had not returned to his residence as required by his curfew, and that after he did return, he thereafter left the residence in violation of his curfew. Defendant's mother reported that Defendant had returned home earlier that morning, had kicked in her bedroom door, and demanded money. He thereafter telephoned her from his father's residence and advised her that he was not returning home. A warrant was issued, and on August 6, 2004, Defendant was found at a place other than his mother's residence and was arrested on the warrant.

Defendant had an initial appearance on the petition for revocation, and a hearing was set on the petition for August 9, 2004. At the hearing, Defendant appeared with counsel. At that time, on Defendant's motion, the Court stayed the hearing on the petition for revocation in order to have Defendant evaluated as to his mental competency. Defendant was thereafter committed to the custody of the Attorney General for an evaluation as to his competency. Following the evaluation, the Court found that Defendant was not then competent to proceed, and he was committed to the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, for further evaluation and treatment and competency restoration.

At the Medical Center, it was determined that Defendant was suffering from schizophrenia. Following a period of treatment, that included medication for

schizophrenia and participation in a competency restoration group, the undersigned determined that Defendant had been restored to competency. In the medical report, both Defendant's prognosis and his insight into his own medical condition were reported as fair. The clinicians noted that Defendant has a chronic mental illness that will require continued treatment with antipsychotic medication in order for the condition to remain in remission, and that any lapse in treatment could lead to an exacerbation of his psychotic symptomatology. It was also noted in the medical report that in February 2005, during a period when Defendant was refusing all medication, Defendant assaulted a correctional officer, which conduct required the administration of emergency psychiatric medications.

On May 18, 2005, the Court held a hearing at which it was determined that Defendant had been restored to competency, and the stay previously entered by this Court was lifted. The parties represented that they were prepared to go forward on the petition for revocation of Defendant's conditions of release, and the Court then proceeded with a hearing on the petition for revocation. Defendant was present and represented by his attorney, Lucille G. Liggett. The government was represented by Assistant United States Attorney Reginald L. Harris.

At the hearing on the petition for revocation, Defendant did not contest the violations set forth in the petition for revocation. Defendant proffered that at the time of the incident alleged in the petition, Defendant had not been compliant with his medications, and that he is now taking medications that have substantially improved his mental condition and understands the need to remain compliant. Defendant's mother would be willing to continue to serve as third-party custodian and believes she would be

able to supervise Defendant. Further, Defendant has a physician whom he sees regularly and a case worker who could assist with doctor visits.

Pursuant to 18 U.S.C. § 3148(b), the Court is directed to enter an order of revocation and detention if, following a hearing, the Court

> (1) finds that there is –
> . . .
> (B) clear and convincing evidence that the person has violated any other condition of release (other than the commission of a Federal, State, or local crime while on release); . . .
> and
> (2) finds that –
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

Based upon the evidence presented, the undersigned finds by clear and convincing evidence that Defendant violated the conditions of release set forth in the petition, and further absconded from supervision. The Court finds, based on the factors set forth in 18 U.S.C. § 3142(g), that there is no condition or combination of conditions that will adequately assure that the defendant will not flee or pose a danger to the safety of the community. The undersigned also finds that the defendant is unlikely to abide by any condition or combination of conditions of release. This finding is based, in part, on the fact that Defendant has a limited understanding of his mental condition and has a history of becoming noncompliant with his antipsychotic medications. Moreover, when he is not compliant with his medications, Defendant has demonstrated not only an inability to comply with his conditions of release, but also a tendency to become assaultive.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's bond be revoked, and that Defendant, Sintriele Lawrence, be committed to the custody of the Attorney General for confinement in a corrections facility pending the trial in this matter.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel.

**IT IS FURTHER ORDERED** that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 19th day of May, 2005.